**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE:

DOUG LONGHINI,

    Plaintiff,

v.

MARKET SQUARE PROPERTIES, CORP.;
STAR SEAFOOD RESTAURANT & CAFE INC;
and LAS VILLAS SHOPPING CENTER, INC.,

    Defendants.
_____/

**COMPLAINT**

Plaintiff, DOUG LONGHINI, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues MARKET SQUARE PROPERTIES, CORP.; STAR SEAFOOD RESTAURANT & CAFE INC; and LAS VILLAS SHOPPING CENTER, INC., (hereinafter "Defendants"), and as grounds alleges:

JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, DOUG LONGHINI, is an individual over eighteen years of age, residing

in Miami-Dade County, Florida, and is otherwise *sui juris*.

5. At all times material, Defendant, MARKET SQUARE PROPERTIES, CORP., owned and operated a commercial retail shopping center located at 4705 NW 183rd Street, Miami Gardens, Florida 33055 (hereinafter the "East Parcel") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade, Florida.

6. At all times material, Defendant, MARKET SQUARE PROPERTIES, CORP., was and is a Florida Profit Corporation, incorporated under the laws of the State of Florida, with its principal place of business in Miami-Dade, Florida.

7. At all times material, Defendant, STAR SEAFOOD RESTAURANT & CAFE INC, owned and operated a commercial restaurant located at 4709 NW 183rd Street, Miami Gardens, Florida 33055[1] (hereinafter the "East Parcel") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade, Florida. STAR SEAFOOD RESTAURANT & CAFE INC holds itself out to the public as "Star Seafood Restaurant & Cafe."

8. At all times material, Defendant, STAR SEAFOOD RESTAURANT & CAFE INC, was and is a Florida Profit Corporation, incorporated under the laws of the State of Florida, with its principal place of business in Miami-Dade, Florida.

9. At all times material, Defendant, LAS VILLAS SHOPPING CENTER, INC., owned and operated a commercial retail shopping center located at 4795 NW 183rd Street, Miami Gardens, Florida 33055 (hereinafter the "West Parcel") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade, Florida.

10. At all times material, Defendant, LAS VILLAS SHOPPING CENTER, INC., was and is a Florida Profit Corporation, incorporated under the laws of the State of Florida, with its

---

[1] The restaurant's address falls within the Landlord's shopping center.

principal place of business in Miami-Dade, Florida.

11. Defendants' properties, (hereinafter collectively "Las Villas Property"), are two interconnected shopping centers. The properties operate as one (1) common property. The Las Villas Property share many common elements including parking, walkways and even signage. Patrons would be unaware of the changes in ownership as they traverse the separate parcels.

12. Venue is properly located in the Southern District of Florida because Defendant's Las Villas Property is located in Miami-Dade County, Florida, Defendants regularly conduct business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

13. Although over twenty-eight (28) years has passed since the effective date of Title III of the ADA, Defendants has yet to make its facilities accessible to individuals with disabilities.

14. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendant's business and properties.

15. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

16. Plaintiff, DOUG LONGHINI, is an individual with disabilities as defined by and pursuant to the ADA. DOUG LONGHINI uses a wheelchair to ambulate. DOUG LONGHINI has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. He also has a great deal of trouble walking or otherwise ambulating

without the use of a wheelchair. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

17. Defendants, MARKET SQUARE PROPERTIES, CORP., owns, operates and oversees the East Parcel, its general parking lots and parking spots.

18. Defendants, LAS VILLAS SHOPPING CENTER, INC., owns, operates and oversees the West Parcel, its general parking lots and parking spots.

19. The Las Villas Property is open to the public and is located in Miami Gardens, Miami-Dade County, Florida.

20. The individual Plaintiff visits the Las Villas Property and business located within the Las Villas Property, regularly, and returned to the Property to document the ADA barriers at the Las Villas Property and business located within the Las Villas Property on or about November 20, 2019 and January 22, 2021 encountering multiple violations of the ADA that directly affected his ability to use and enjoy the Las Villas Property and business located therein. He often visits the Las Villas Property and business located within the Las Villas Property in order to avail himself of the goods and services offered there, and because it is approximately twenty-five (25) miles from his residence, and is near his friends' residences as well as other business he frequents as a patron. He plans to return to the Las Villas Property and the business located within the Las Villas Property within two (2) months of filing this Complaint, specifically on or before January 31, 2021.

21. Plaintiff resides nearby in the same County and state as the Las Villas Property and the business located within the Las Villas Property, has regularly frequented the Defendants' Las Villas Property and the business located within the Las Villas Property for the intended purposes because of the proximity to his and his friends' residences and other business that he frequents as

a patron, and intends to return to the Las Villas Property and business located within the Las Villas Property within two (2) months from the filing of this Complaint. Specifically, Plaintiff intends to revisit the Property on or before January 31, 2021.

22. The Plaintiff found the Las Villas Property, and the business located within the Las Villas Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Las Villas Property, and business located within the Las Villas Property and wishes to continue his patronage and use of each of the premises.

23. The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Las Villas Property, and business located within the Las Villas Property. The barriers to access at Defendant's Las Villas Property, and the business located within the Las Villas Property has each denied or diminished Plaintiff's ability to visit the Las Villas Property, and business located within the Las Villas Property, and has endangered his safety in violation of the ADA. The barriers to access, which are set forth below, has likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, DOUG LONGHINI, and others similarly situated.

24. Defendants, MARKET SQUARE PROPERTIES, CORP. and LAS VILLAS SHOPPING CENTER, INC., own and operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants, MARKET SQUARE PROPERTIES, CORP. and LAS VILLAS SHOPPING CENTER, INC., are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants, MARKET SQUARE PROPERTIES, CORP. and LAS VILLAS SHOPPING CENTER, INC., own and/or operate is located at 4705; 4795 NW 183rd Street, Miami Gardens, Florida 33055.

25. Plaintiff, DOUG LONGHINI, has a realistic, credible, existing and continuing

threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Las Villas Property and the business located within the Las Villas Property, including but not necessarily limited to the allegations in this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Las Villas Property, and business located within the Las Villas Property, in violation of the ADA. Plaintiff desires to visit the Las Villas Property and business located therein, not only to avail himself of the goods and services available at the Las Villas Property, and business located within the Las Villas Property, but to assure himself that the Las Villas Property and business located within the Las Villas Property are in compliance with the ADA, so that he and others similarly situated will has full and equal enjoyment of the Las Villas Property, and business located within the Las Villas Property without fear of discrimination.

26. Defendant, MARKET SQUARE PROPERTIES, CORP., as landlord and owner of the East Parcel, is responsible for all ADA violations listed in Counts I and II of this Complaint.

27. Defendant, LAS VILLAS SHOPPING CENTER, INC., as landlord and owner of the West Parcel, is responsible for all ADA violations listed in Count III of this Complaint.

28. Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Las Villas Property, and the commercial restaurant located within the East Parcel, as prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I
## MARKET SQUARE PROPERTIES, CORP.

29. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 28 above as though fully set forth herein.

30. Defendant, MARKET SQUARE PROPERTIES, CORP., has discriminated, and

continues to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Las Villas Property, include but are not limited to, the following:

  I. <u>4705 NW 183rd Street (East Parcel)</u>

  A. <u>Parking</u>

i. The plaintiff had difficulty accessing the facility, as there are designated accessible parking spaces located too far from an accessible route to the facility. Violation: Some of the accessible parking spaces are not located on the shortest route to an accessible entrance, violating Section 4.6.2 of the ADAAG and Section 208.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

  B. <u>Entrance Access and Path of Travel</u>

i. There are protruding objects on the path of travel at the facility that present a hazard of colliding with them, violating Section 4.4.2 of ADAAG and Section 307.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

## COUNT II
## <u>MARKET SQUARE PROPERTIES, CORP. AND STAR SEAFOOD RESTAURANT & CAFE INC</u>

31. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 28 above as though fully set forth herein.

32. Defendants, MARKET SQUARE PROPERTIES, CORP. and STAR SEAFOOD RESTAURANT & CAFE INC, have discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Las Villas Property, include but are not limited to, the following:

   I. <u>Star Seafood Restaurant</u>

    A. <u>Access to Goods and Services</u>

i. The plaintiff could not utilize the bar counter, as it is mounted too high. Violation: There are bar counters that are not at the prescribed height, violating Section 4.32.4 and 5.2 of the ADAAG and Section 902.3 of the 2010 ADA Standards, whose resolution is readily achievable.

    B. <u>Public Restrooms</u>

i. There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The plaintiff had difficulty using the doorknob and the locking mechanism on the restroom door without assistance, as they require tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of

          Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.    The plaintiff could not transfer to the toilet without assistance, as a trashcan obstructed the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 and Figure 28 of the ADAAG, 28 CFR 36.211, and Section 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v.    The plaintiff could not use the restroom without assistance, as the required clear floor space is not provided. Violation: Compliant clear floor space is not provided inside the restroom, violating Sections 4.2.3 & 4.22.3 of the ADAAG and Section 304.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.    The plaintiff could not transfer to the toilet without assistance, as the toilet seat is missing. Violation: Elements in the restroom are not readily accessible and usable by persons with disabilities, violating 28 CFR 36.211, whose resolution is readily achievable.

vii.    The plaintiff could not use the paper towel dispenser without assistance, as it is mounted too high. Violation: There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG and Sections 308 & 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

viii.    The plaintiff could not transfer to the toilet without assistance, as the rear grab bar is not the required length and the side grab bar is not at the required location. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 & Figure 29 of the ADAAG and Section 604.5 of the 2010 ADA Standards, whose resolution is readily achievable.

ix.    The plaintiff could not use the lavatory without assistance, as the required knee & toe clearances are not provided. Violation: There are lavatories in public restrooms without the

      required clearances provided, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 306 and 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

x. The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

xi. The plaintiff could not use the lavatory without assistance, as it is mounted too high. Violation: There are lavatories in public restrooms with the counter surface mounted too high, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Section 606.3 of the 2010 ADA Standards, whose resolution is readily achievable.

xii. The plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

xiii. The plaintiff could not exit the restroom area without assistance, as the required maneuvering clearance is not provided on the push side. Violation: The restroom area door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

## COUNT III
## LAS VILLAS SHOPPING CENTER, INC.

33. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 28 above as though fully set forth herein.

34. Defendant, MARKET SQUARE PROPERTIES, CORP., has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have

accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Las Villas Property, include but are not limited to, the following:

I. <u>4795 NW 183rd Street (West Parcel)</u>

A. <u>Parking</u>

i. The plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: There are accessible parking spaces located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: There are accessible parking space access aisles located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

B. <u>Entrance Access and Path of Travel</u>

i. There are protruding objects on the path of travel at the facility that present a hazard of colliding with them, violating Section 4.4.2 of ADAAG and Section 307.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

## RELIEF SOUGHT AND THE BASIS

35. The discriminatory violations described in Counts I through III are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, DOUG LONGHINI, from further ingress, use, and equal enjoyment of the commercial restaurant and businesses located within the Las Villas Property; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. A complete list of the Subject Premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

36. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' buildings, business and facilities; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

37. Defendants have discriminated against the individual Plaintiff by denying him

access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

38. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought.  Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.  Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

39. A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

40. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer

employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

41. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operate the business, located at and/or within the Las Villas Property located at 4705; 4795 NW 183rd Street, Miami Gardens, Florida 33055, the exterior areas, and the common exterior areas of the Las Villas Property and commercial restaurant located within the Las Villas Property, to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure the violations of the ADA.

WHEREFORE, The Plaintiff, DOUG LONGHINI, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: January 27, 2021

                                            **GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
4937 S.W. 74th Court
Miami, Florida 33155
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mails: bvirues@lawgmp.com
 aquezada@lawgmp.com

By: \_\_\_*/s/\_Anthony J. Perez*_____
     ANTHONY J. PEREZ
     Florida Bar No.: 535451
     BEVERLY VIRUES
     Florida Bar No.: 123713